**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4276-15T2

IN THE MATTER OF ALNESA
MALLORY, CITY OF NEWARK,
POLICE DEPARTMENT.

_____

Submitted October 11, 2017 — Decided November 1, 2017

Before Judges Gilson and Mayer.

On appeal from the New Jersey Civil Service
Commission, Docket No. 2014-1015.

Fusco & Macaluso Partners, LLC, attorneys
for appellant Alnesa Mallory (Shay S.
Deshpande, on the brief).

Kenyatta Stewart, Corporation Counsel,
attorney for respondent City of Newark
(Corinne E. Rivers, Assistant Corporation
Counsel, on the brief).

PER CURIAM

Petitioner Alnesa Mallory appeals from a May 31, 2016 final

agency determination of the Civil Service Commission (Commission)

upholding her ten-day suspension for insubordination.  We affirm.

The insubordination charge against petitioner stemmed from

an incident on June 15, 2013, while she was working as a dispatcher

for the Newark Police Department.  Petitioner's supervisor on the

day of the incident was Lieutenant Robert Clark.  According to Clark, petitioner asked him to remove an assignment from the dispatch system so it could be routed to another district.  Only a supervisor can remove an assignment from the computer system. Clark agreed to remove the assignment.  When Clark returned to his computer, he saw that petitioner had made a computer notation remarking that she asked Clark to remove the assignment an hour earlier.  Upon seeing petitioner's computer entry, Clark sought to establish a procedure requiring petitioner to receive a response and an acknowledgement that he heard her request before she made a written comment regarding their communication.  When Clark attempted to discuss this directive with petitioner, he claims she responded that she would continue using her method.  Clark stated that petitioner talked over him and refused to comply with his order.

According to petitioner, the day of the incident was hectic. At 7:16 a.m., petitioner received a purse snatching call.  At 8:28 a.m., petitioner claimed she notified Clark that the call should be routed to another district.  At 9:21 a.m., petitioner, upon seeing that the call had not been routed, again notified Clark and typed a comment into the computer system to that effect. Petitioner claimed Clark then began cursing, yelling, and accusing her of attempting to make him look bad.  Petitioner subsequently

A-4276-15T2

called another lieutenant to complain about Clark's language and behavior.

Petitioner reported the incident and an investigation was opened. Clark investigated the incident as he was petitioner's supervisor and witnessed the incident personally. Clark also received submissions from other officers who observed the incident. Based on these submissions and his own experience, Clark recommended that petitioner be formally charged with insubordination. Petitioner was charged with two counts of insubordination.

Petitioner disputed the insubordination charge and requested a departmental hearing, which upheld the charge and suspended petitioner for ten days. Petitioner appealed her suspension to the Commission, which referred the matter to the Office of Administrative Law for a hearing. An Administrative Law Judge (ALJ) heard testimony from petitioner and Clark during a hearing held on October 5, 2015.

The ALJ found that there was an incident on June 15, 2013. The ALJ concluded that petitioner advised Clark twice about removal of an assignment from the computer system. The ALJ determined that when Clark attempted to give petitioner an order concerning a new procedure for removal of assignments, she talked over him

and refused to obey the order. Accordingly, the ALJ found that petitioner's conduct was insubordinate.

In making her legal finding, the ALJ relied on the Newark Police Department rules and procedures and the Commission's identification of actions warranting employee discipline. The Newark Police Department's rules and procedures state that "members shall not commit acts of insubordination or disrespect to superior officers." The Commission's identification of causes warranting employee discipline include insubordination for refusing to obey an order and refusing to comply with an order even if the person believes that the order is improper or contrary to established rules and regulations.

The ALJ also considered petitioner's prior disciplinary record and found that a ten-day suspension was appropriate and consistent with the imposition of progressive discipline.

The Commission adopted the ALJ's findings and conclusions and affirmed petitioner's suspension for insubordination and the penalty imposed.

On appeal, petitioner argues that the ALJ's findings were not supported by the evidence. Petitioner also contends the ten-day suspension without pay was arbitrary, capricious, and disproportionate to the charge.

When reviewing agency action, the "standard for judicial review of administrative agency action is limited . . . ." In re Proposed Quest Acad. Charter Schs. of Montclair Founders Grp., 216 N.J. 370, 385 (2013). Agency decisions are presumptively reasonable. E. Orange Bd. of Educ. v. N.J. Sch. Constr. Corp., 405 N.J. Super. 132, 143 (App. Div.), certif. denied, 199 N.J. 540 (2009) (citing City of Newark v. Natural Res. Council, 82 N.J. 530, 539, cert. denied, 499 U.S. 983, 101 S. Ct. 400, 66 L. Ed. 2d 245 (1980)). We give deference to an agency's determination unless the decision is arbitrary, capricious, or is unsupported by substantial credible evidence in the record. In re Herrmann, 192 N.J. 19, 27-28 (2007); Campbell v. Dep't. of Civil Serv., 39 N.J. 556, 562 (1963). We defer to an agency's findings if they could reasonably have been reached on sufficient credible evidence in the record, "considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge . . . their credibility." In re Taylor, 158 N.J. 644, 656 (1999) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)).

This deferential standard applies to imposition of disciplinary sanctions as well. Herrmann, supra, 192 N.J. at 28 (citing Knoble v. Waterfront Comm'n of N.Y. Harbor, 67 N.J. 427, 431-32 (1975)). When reviewing sanctions imposed by an administrative agency, "appellate courts should consider whether

the 'punishment is so disproportionate to the offense, in the light of all of the circumstances, as to be shocking to one's sense of fairness.'" In re Stallworth, 208 N.J. 182, 195 (2011) (citing In re Carter, 191 N.J. 474, 484 (2007)).

Here, the ALJ relied on the definition of insubordination provided in the Newark Police Department's rules and procedures and the Commission's identification of insubordination as warranting employee discipline. Pursuant to the Commission's rules governing discipline, an employee may be subject to punishment for insubordination. See N.J.A.C. 4A:2-2.3(a)(2). The Newark Police Department's rules and procedures provide "[d]epartment members shall not commit acts of insubordination or disrespect to any superior officer." In defining insubordination, we have "observed that it is ordinarily defined as a failure to obey a lawful order." In re Williams, 443 N.J. Super. 532, 548 n.4 (App. Div. 2016). We agree that petitioner's refusal to obey Clark's order constituted insubordination consistent with the definition of that term as established by the Newark Police Department and the Commission.

Having reviewed the record, we conclude the Commission's decision was based upon substantial credible evidence in the record. The Commission adopted the ALJ's detailed factual findings. We further conclude that petitioner's suspension for

insubordination was not so disproportionate to the offense in this case as to shock our sense of fairness. Stallworth, supra, 208 N.J. at 195.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION